# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00676-CR

**Ex parte Jeffrey Rucks**

## FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
## NO. 07-0-462, HONORABLE TODD BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On October 25, 2007, Jeffrey Rucks applied for a writ of habeas corpus "seeking bond reduction and/or release due to excessive bail." According to the application, Rucks was in jail following his arrest for murder; he had not been indicted. A magistrate had set bail at $100,000, an amount Rucks claimed was excessive.

The writ issued and a hearing was conducted by the district court on November 6, 2007. Rucks offered no evidence and did not even argue that his bail was excessive. Instead, he argued to the court that a combined arrest and search warrant had been issued without probable cause. The court denied relief and Rucks appealed to this Court.

The State moves to dismiss this appeal as moot. The motion states that: (1) on December 5, 2007, Rucks was indicted in cause number 2007-494 for unauthorized use of a motor vehicle and tampering with physical evidence; (2) the grand jury declined to indict Rucks for murder; (3) the district court set bail in cause number 2007-494 at $75,000; (4) Rucks posted a bond in that amount and was released from jail; (5) Rucks subsequently failed to appear and his bond was revoked; and (6) Rucks is presently in custody in Montgomery County for an unrelated offense.

Asked to respond, Rucks's counsel does not dispute the facts recited in the State's motion. He urges, however, that there remains an issue of "whether there was probable cause to arrest for any felony offense." He asks the Court to overrule the motion to dismiss and "make findings of fact and conclusions of law on Appellant's Appeal."

This appeal is from an order denying relief in a habeas corpus proceeding seeking a reduction of pretrial bail. For the reasons stated in the State's motion to dismiss, the question of bail is now moot. We decline counsel's invitation to issue an advisory opinion on the propriety of appellant's arrest and the subsequent search. Pretrial habeas corpus cannot be used as a substitute for a motion to suppress or to obtain an interlocutory appeal of a ruling on a motion to suppress. *See Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim. App. 1969); *Ex parte Moore*, No. 03-05-00463-CR, 2005 Tex. App. LEXIS 10224, at *2 (Tex. App.—Austin Dec. 8, 2005, pet. ref'd) (mem. op., not designated for publication).

The State's motion to dismiss is granted and the appeal is dismissed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed on State's Motion

Filed: May 22, 2008

Do Not Publish

2